[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11170
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00033-RH-CAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DANIEL RUBENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 8, 2017)


Before JORDAN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Michael Daniel Rubens appeals the 120-month total sentence he received after pleading guilty to various offenses involving stalking via the internet. Rubens asserts his total sentence is procedurally unreasonable because the district court failed to give specific reasons for its sentence. He also contends his total sentence is substantively unreasonable because the conduct the court considered was already accounted for by the Sentencing Guidelines. He suggests his total sentence is unreasonable because in sentencing him, the district court improperly tried to "send a message." After review, we affirm Rubens' sentence.

## I. DISCUSSION

### A. *Procedural reasonableness*

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). In reviewing the procedural reasonableness of a sentence, we ensure the district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered the applicable 18 U.S.C. § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Id.* at 51. "Although the district court must provide some explanation for the sentence, nothing ... requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir.

2

2009) (quotations omitted). Additionally, this Court has held "the district court, in imposing a variance, may consider conduct that a probation officer already had considered in calculating the defendant's advisory guidelines range." *United States v. Johnson*, 803 F.3d 610, 619 (11th Cir. 2015) (quotations omitted).

Rubens' procedural reasonableness challenge fails. The district court stated the reasons for the 120-month total sentence it imposed, explaining there were "a number of very aggravating circumstances" in the case "that [were] not taken into account in the guideline at all." Specifically, referencing the nature of the offense conduct, the court noted that Rubens had photoshopped pictures of the victims engaged in sexual acts that did not occur and cited the circumstances involving the distrust created in one victim's marriage, as well as the circumstances involving the victim married to a military serviceman stationed overseas. Indeed, the court stated the "most important factor" that affected its decision was the "nature of the offense and the impact on the victims." The court also stated as a reason for its sentences, the length of time that Rubens engaged in the offense conduct, and the need for general deterrence. Moreover, the court stated that it had considered the § 3553(a) factors, and that under all of the circumstances, the total sentence imposed was appropriate. Thus, the court adequately explained the sentence it imposed.

Contrary to Rubens' contention, the district court did not err in considering conduct that had already been considered in the calculation of his guideline range. *See Johnson*, 803 F.3d at 619. Finally, Rubens' challenge to the reasonableness of his total sentence based on his arguments under §§ 5K2.0, 5K2.3 or 5K2.8 are meritless, because the district court did not impose an upward departure, but rather, relied on the § 3553(a) factors in imposing an upward variance.

B. *Substantive reasonableness*

We consider whether a sentence is substantively unreasonable under the totality of the circumstances and in light of the 18 U.S.C. § 3553(a) factors. *United States v. Johnson*, 803 F.3d 610, 618 (11th Cir. 2015). The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *See id.* § 3553(a)(1), (3)-(7). A district court abuses its

4

discretion in imposing a sentence when it (1) fails to afford consideration to relevant factors, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

"Even as to a substantial variance," we will not reverse a sentence unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Johnson*, 803 F.3d at 618-19 (quotations omitted). "A sentence's variance outside the guidelines range, whether upward or downward, represents a district court's judgment that the combined force of the other § 3553(a) factors are entitled to greater weight than the guidelines range." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1259 (11th Cir. 2015). The Supreme Court has held that "variances from the advisory guidelines range can sometimes be based on the sentencing judge's disagreement with whether a guideline properly reflects the § 3553(a) factors," *Id.* at 1254 (*quoting Kimbrough v. United States,* 552 U.S. 85, 105–09 (2007)), evidencing the discretionary nature of the application of the § 3553(a) factors.

The district court did not abuse its discretion in imposing an upward variance and Rubens' 120-month total sentence was substantively reasonable.

5

First, the district court was free to consider any information relevant to Rubens'
conduct in imposing an upward variance. *See United States v. Tome*, 611 F.3d
1371, 1379 (11th Cir. 2010) (citing 18 U.S.C. § 3661) (explaining the district court
is free to consider any information relevant to a defendant's background, character,
and conduct in imposing an upward variance). In doing so here, the district court
considered the serious nature of the offense including, the fact that Rubens
photoshopped sexual acts of the victims and posted them online, the effects
Rubens' actions had on the victims and their personal relationships, and the length
of time Rubens engaged in the offense. Finally, while Rubens suggests the district
court's 120-month total sentence was substantively unreasonable because the court
tried to "send a message" in sentencing him, the need for general deterrence is a
proper factor under § 3553(a) for the district court to consider in sentencing a
defendant. *See* 18 U.S.C. § 3553(a).

In sum, the district court was within its discretion to determine an upward
variance was warranted based on the nature of the offense conduct, which included
specific aggravating conduct, the length of time that the conduct occurred, the
impact on the victims, as well as the need for general deterrence. *Rosales-Bruno*,
789 F.3d at 1254, 1259. Rubens has not shown the district court abused its
discretion in doing so.

## II. CONCLUSION

Rubens' 120-month total sentence is both procedurally and substantively reasonable. Thus, we affirm.

**AFFIRMED.**